## HARPER v. SMITH et al. (No. 7959.)

Court of Civil Appeals of Texas. San Antonio.
March 7, 1928.

Rehearing Denied April 4, 1928.

1. Detinue ⊜18—Burden was on plaintiff to prove alleged ownership and possession of goats sued for as purchaser from defendant.

Burden was on plaintiff, in suit to recover title and possession of goats, to prove his allegations that they were his property and in his possession as purchaser thereof from defendant.

2. Detinue ⊜17—Whether intervener acquired goats sued for from defendant while unemancipated minor became immaterial, where plaintiff failed to show his alleged purchase thereof from defendant.

Whether son acquired goats from his parents while a minor not emancipated, and hence could not own them, as alleged in his plea in intervention, became immaterial, where plaintiff, in suit to recover title and possession from intervener's father, failed to show that he purchased them from defendant as alleged.

Appeal from Uvalde County Court; Green B. Fenley, Judge.

Action by A. B. Harper, Jr., against Ed. Smith, in which Milton Smith, a minor, through his next friend, Ed. Smith, intervened. Judgment for intervener, and plaintiff appeals. Affirmed.

Will Glover and Ditzler H. Jones, both of Uvalde, for appellant.

G. B. Fenley and Atlas Jones, both of Uvalde, for appellees.

FLY, C. J. Appellant sued Ed. Smith to recover title and possession of 47 goats valued at $235. Milton Smith, a minor, through his next friend, Ed. Smith, filed a plea in intervention, claiming that he was the owner of 38 goats and 22 kids, taken from him through a writ of sequestration issued at the instance of appellant, and he prayed for their recovery or their value. The cause was submitted to a jury through special issues, and on their answers judgment was rendered that the intervener recover the goats or their value and the value of mohair sheared from them.

The jury in answer to 15 issues found the value of each goat, including a certain billy goat and a certain nannie goat, and found that all of them belonged to the minor, Milton Smith, although in answer to questions as to whether he acquired the goats by his labor, or as to how he acquired them, the jury said they did not know. When Ed. Smith sold his goats and other live stock to · Harper and Patterson, it was clearly understood and agreed between the parties that certain of the goats, which had been gathered, were not the property of Ed. Smith and

were not included in the sale. Among the number were the goats claimed by Milton Smith, and they were separated from the herd, with the other goats belonging to different parties. Milton Smith took charge of the goats claimed by him. The evidence is amply sufficient to establish the fact that the goats claimed by Milton Smith were not sold to appellant, and that he was never in possession until he had them seized under a writ of sequestration.

[1, 2] Appellant alleged that the goats were his property and that he was in possession of them. The burden rested on him to prove his allegations before he was entitled to a recovery. When he failed, under the verdict of the jury, to show that he had bought the goats in controversy from Ed. Smith, he had failed in his suit, and it became a matter of no importance to him whether the goats belonged to Milton Smith or any one else. It is idle speculation, under the facts of the case, to set up a claim that because Milton Smith may have acquired the goats from his parents while not "emancipated," but laboring under the handicap of minority, he could not own the goats, for if that fact should be established and the law applied as claimed, what does it profit the appellant? He failed to establish his claim to the goats and it does not matter to whom they belong.

The judgment will be affirmed.